**FROM: The District Court of the 20th Judicial District.**
**County of Lake.**

**STATE OF MONTANA,**
**Plaintiff,**                                             **NO. DC 94-87**
**vs.**                                                    **DECISION**

**Maida Lorraine Eaton,**
**Defendant.**

On March 15, 1995, the Court ordered that the defendant be punished in the Women's Correctional Facility for a term of ten (10) years on Count I: Criminal Sale of Dangerous Drugs, a Felony, with three (3) years suspended; and for a term of five (5) years on Count IV: Criminal Possession With Intent To Sell, a Felony, with all suspended. The sentence imposed on Count IV shall run consecutive to the sentence imposed on Count I, for a total sentence of fifteen (15) years, with eight (8) years suspended. The defendant shall receive credit for time served in the Lake County Jail, which as of the date of this judgment totals one (1) day. The Court at this time does not make a designation of the defendant as a dangerous or non-dangerous offender for purposes of parole eligibility. The Court further orders that the suspended portion of the sentence shall be upon the following conditions, and the Court reserves the right to impose additional conditions of probation as stated in the March 15, 1995 judgment. The Court further orders that the defendant shall pay to the Lake County Drug Fund the sum of One Thousand Five Dollars ($1,500.00) on Count I, and the sum of One Thousand Dollars ($1,000.00) on Count IV. The Court further orders that the defendant shall pay surcharge of One Hundred Fifty Dollars ($150.00) on Count I, and One Hundred Dollars ($100.00) on Count IV, as required by law. The Court further orders that the defendant shall pay the mandated supervisory fee of One Hundred Twenty dollars ($120.00) per year, prorated at Ten Dollars ($10.00) per month, for the number of months under supervision. Payments on the fee shall be made in the amount of Thirty Dollars ($30.00) per quarter to the Clerk of the District Court. The Court further orders that the drug fund fine, and surcharge shall be paid to the Clerk of the District Court in monthly payments as determined by her probation officer, commencing thirty (30) days after her release from the Women's Correctional Facility, and shall be paid in full at least thirty (30) days prior to her discharge from probation.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Connie Camino, Legal Intern from the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence is hereby amended to read as follows:

1. The defendant shall be committed on Count I, Criminal Sale of Dangerous Drug, a Felony to the Women's Correctional Facility for a period of ten (10) years, five (5) years of which shall be suspended.

2. The defendant shall be committed on Count IV, Criminal Possession With Intent

to Sell, a Felony, to the Women's Correctional Facility for a period of five (5) years, all of which shall be suspended.

3. Counts I and IV shall run concurrently.

The reasons for the amendment are: 1. To make the term of the sentence more similar with those imposed throughout the state for similar offenses. 2. Defendant had no noted prior criminal record. 3. It is appropriate that the sentences on the separate counts should run concurrently. The offenses were committed at different times. However, the record reveals that the purchases from the same agent, who was employed with the same agency. The agent had knowledge of her activities and could have purchased all of the contraband at one time.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

**Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank Connie Camino, Legal Intern from the Montana Defender Project for her assistance to the defendant and to this Court.